IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELANIE ACKERMAN,** | CIVIL ACTION NO. 19-1370 |
| Plaintiff, | |
| v. | |
| **WILKINSBURG SCHOOL DISTRICT**, | |
| Defendant. | |

## OPINION

CONTI, Senior District Judge.

### I.     Introduction

Plaintiff Melanie Ackerman ("Ackerman") filed this action under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654, against her current employer, defendant Wilkinsburg School District (the "school district"). Ackerman alleges, among other things, that the school district retaliated against her for taking FMLA leave. The school district filed a motion for summary judgment in which it argues that it is entitled to summary judgment because Ackerman conceded that she did not suffer any monetary loss caused by its alleged violation of the FMLA. (ECF No. 34.) Ackerman argues in response that the motion for summary judgment should be denied because school district retaliated against her for taking FMLA leave when it did not reinstate her to an "equivalent position" upon her return to work. (ECF No. 35.)

For the reasons set forth in this opinion, the motion for summary judgment will be denied. The FMLA provides for consequential damages *and* equitable relief. The school district is correct that Ackerman conceded that she is not seeking consequential damages. Ackerman in the complaint, however, requests equitable relief and the school district did not address whether equitable relief may be awarded in this case. Under those circumstances, and, as fully set forth

below, the school district did not satisfy its burden to show that it is entitled to judgment as a matter of law.

## II.     Procedural History

On October 23, 2019, Ackerman initiated this case by filing a five-count complaint against the school district. (ECF No. 1.) Ackerman asserted the following counts:

- count I—discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.;

- count II—retaliation under the ADA;

- count III—discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-34;

- count IV—retaliation under the FMLA; and

- count V—discrimination and retaliation under the Pennsylvania Human Relations Act of 1990 ("PHRA"), 43 PA. CONS. STAT. §§ 951-63.

(Id.) On February 19, 2020, the school district filed a motion to dismiss the complaint and a brief in support of the motion. (ECF Nos. 8, 9.) On February 28, 2020, Ackerman filed a response in opposition to the motion to dismiss. (ECF No. 11.) On May 6, 2020, the court held an initial case management conference and hearing on the motion to dismiss. The court granted the motion to dismiss with respect to the claims asserted under the ADA, ADEA, and PHRA, and granted Ackerman leave to file an amended complaint.

On June 25, 2020—after Ackerman did not file an amended complaint—the school district filed an answer. (ECF No. 25.) On December 1, 2020, Ackerman filed a motion for leave to file an amended complaint and brief in support of the motion. (ECF Nos. 30, 32.) At a hearing at the close of fact discovery held on December 2, 2020, the court denied the motion for leave to file an amended complaint without prejudice to Ackerman filing a new case to assert the claims

set forth in the proposed amended complaint. The court set dates for the filing of the school district's motion for summary judgment.

On January 5, 2021, the school district filed a motion for summary judgment, brief in support of the motion, and a concise statement of material facts. (ECF Nos. 34, 35, 36.) On February 5, 2021, Ackerman filed a response in opposition, counter statement of facts, brief in opposition, and supplement. (ECF Nos. 39, 40, 41, 42.) On February 18, 2021, the school district filed a reply concise statement of material fact.(ECF No. 43.) On the same day, the school district filed the parties' combined concise statement of material facts. (ECF No. 44.)

The motion for summary judgment having been fully briefed is now ripe for disposition by the parties.

### III.     Factual Background

Ackerman is employed by the school district as an elementary teacher. (Combined Concise Statement of Material Facts ("CCSMF") (ECF No. 44) ¶ 1.) On November 29, 2018, Ackerman suffered three fractured ribs from a fall at her home. Due to that injury, she requested and was granted leave pursuant to the FMLA. (Id. ¶ 2.)

Following her return to work, Ackerman received her professional evaluation for the 2017-18 school year. Her performance rating was satisfactory, but "Needs Improvement." The school district prepared and presented to Ackerman an Employee Improvement Plan (the "plan") because of her performance rating. Pursuant to the plan, Ackerman's supervisors regularly observed her teaching to monitor her progress toward improving upon the identified performance concerns. Following the observations, school administrators entered various anecdotal reports critical of Ackerman's performance into the Pennsylvania Electronic Teacher Evaluation Portal ("PAETEP"). (Id. ¶ 3.) Approximately 150 to 160 "negative write-ups" were placed in the

PAETEP about Ackerman after she returned from her FMLA leave. (ECF No. 42-1 at 7.) Prior to her FMLA leave, Ackerman had three comments in PAETEP and they were all of a positive nature. (Id.)

Ackerman continues to be employed by the school district. Since her return from FMLA leave, she has not been demoted, suspended, or denied any salary increases or any other compensation or benefits. (CCSMF (ECF No. 44) ¶ 6.) In her responses to interrogatories in this case, Ackerman acknowledged that she did not suffer any economic loss caused by the school district's actions; rather, she suffered emotional damages and believes her "job fundamentally changed since she returned from FMLA [leave]." (Id. ¶ 7.) According to Ackerman, since she returned from FMLA leave, the followings things were "different" about her employment with the school district: school leadership; her classroom environment; her planning; her opportunities; her relationship with colleagues; her responsibilities; the school's directives; and her ability to communicate with parents. (ECF No. 42-1 at 5.) She explained that upon her return from FMLA leave, the principal observed her approximately one day per week for approximately an hour and a half, which she believed "undermine[d]…[her] leadership in the classroom[;]" indeed, a student asked Ackerman if she was "getting fired." (Id. at 6.) The school district requires Ackerman to see reading and math "coaches." (ECF No. 42-1 at 6.) Ackerman believes her colleagues' professional views of her changed because she sees the reading and math coaches. (Id.)

### IV.    Standard of Review

In relevant part, Rule 56 provides:

> A party may move for summary judgment, identifying each claim or defense...on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

> ...
> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by…citing to particular parts of materials in the record…or…showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(a), (c). After discovery and upon a motion, Rule 56 requires the entry of summary judgment against a party who "'fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.'" Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)).

An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could decide it in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007) (citing Anderson, 477 U.S. at 248; Celotex Corp., 477 U.S. at 322–23)).

> "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts….Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"

Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986)).

In deciding a Rule 56 summary judgment motion, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences and resolve all doubts in its favor. Woodside v. Sch. Dist. of Phila. Bd. of Educ., 248 F.3d 129, 130 (3d Cir.

2001). The court must not engage in credibility determinations at the summary judgment stage. Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 643 n.3 (3d Cir. 1998).

V.     **Discussion**

The school district argues that it is entitled to summary judgment on Ackerman's only claim, i.e., a claim for retaliation under the FMLA,[1] because Ackerman concedes that she did not

---

[1] "To prove FMLA retaliation, an employee must show that his [or her] employer *intentionally* discriminated against him [or her] for exercising an FMLA right." Martin v. Brevard County Sch., 543 F.3d 1261, 1267 (11th Cir.2008). The Supreme Court recognized that it is often difficult for a plaintiff to prove that an employer acted with "conscious intent to discriminate." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-02 *(1973).* The Supreme Court's McDonnell Douglas burden-shifting framework for Title VII retaliation claims is applicable to FMLA retaliation claims. Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 302 (3d Cir. 2012).
      The familiar McDonnell Douglas framework requires a plaintiff alleging retaliation claims under the FMLA to first establish a prima facie case of retaliation. The prima facie case, the elements of which depend upon the type of claim the plaintiff is alleging, "eliminates the most common nondiscriminatory reasons for the plaintiff's rejection." Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981). In so doing, the prima facie case "raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." Id. at 254. To establish a prima facie case for retaliation under the FMLA, a plaintiff must show that (1) he or she is protected under the FMLA, (2) he or she suffered an adverse employment decision, and (3) the adverse decision was causally related to plaintiff's exercise of his or her FMLA rights. Baltuskonis v. U.S. Airways, Inc., 60 F.Supp.2d 445, 448 (E.D.Pa. 1999).
      If the plaintiff successfully demonstrates a prima facie case of discrimination, the burden of production (but not the burden of persuasion) shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. Simpson v. Kay Jewelers Div. of Sterling, Inc., 142 F.3d 639, 644 n. 5 (3d Cir.1998). The burden on the defendant at this junction is "relatively light," and the defendant can satisfy this burden "by introducing evidence which, *taken as true,* would permit the conclusion that there was a non-discriminatory reason for the unfavorable employment decision." Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir.1994) (emphasis added).
      Once the defendant offers a legitimate nondiscriminatory reason for the challenged conduct at issue, " 'the McDonnell Douglas framework—with its presumptions and burdens'—disappear[s], ... and the sole remaining issue [i]s 'discrimination *vel non.'* " Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (citations omitted). Thus, a plaintiff, has the ultimate burden of proving by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir.1999).

6

sustain consequential damages and that she has suffered only emotional distress. The school district does not otherwise address the elements of a prima facie case for retaliation under the FMLA. In response, Ackerman argues that the school district violated the FMLA because it did not reinstate her to an equivalent position upon her return to work.

The FMLA, specifically 29 U.S.C. § 2617, provides for two categories of relief: (1) consequential damages; and (2) equitable relief. Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 87 (2002) (citing 29 U.S.C.A. § 2617). To recover either category of relief, an employee must show that he or she was prejudiced by his or her employer's FMLA violation. The Supreme Court has explained:

> § 2617 provides no relief unless the employee has been prejudiced by the violation: The employer is liable only for compensation and benefits lost "by reason of the violation," § 2617(a)(1)(A)(i)(I), for other monetary losses sustained "as a direct result of the violation," § 2617(a)(1)(A)(i)(II), and for "**appropriate**" equitable relief, including employment, reinstatement, and promotion, § 2617(a)(1)(B). The remedy is tailored to the harm suffered.

Ragsdale, 535 U.S. at 89 (emphasis added). The FMLA does not provide recovery for: (1) nominal damages, Hayduk v. City of Johnstown, 580 F. Supp. 2d 429, 482–83 (W.D. Pa. 2008); (2) damages for emotional distress, Brown v. Nutrition Mgmt. Servs. Co., 370 F. App'x 267, 270 n.3 (3d Cir. 2010), or (3) punitive damages, id.; see Third Circuit Model Jury Instructions, Cmt. to Instruction 10.4.3, lines 38-52 (citing decisions and recognizing that the FMLA does not provide for punitive damages, nominal damages, or damages for emotional distress).

Here, the school district is correct that: (1) Ackerman conceded[2] that she did not suffer consequential damages; and (2) the FMLA does not provide damages for emotional distress. The

---

[2] The school district's interrogatory, and Ackerman's response to that interrogatory in which Ackerman conceded that she did not suffer consequential damages, provided:

**INTERROGATORY NO. 2:**

school district, however, did not argue or adduce any evidence about the availability of *equitable relief* in this case. As discussed above, the FMLA provides for consequential damages and equitable relief, i.e., Ackerman is not required to seek consequential damages to assert and prove her FMLA retaliation claim.[3] Ackerman in the complaint specifically requested equitable relief; indeed, she requested, among other things, that:

> Identify, describe and itemize all **damages** Plaintiff alleges to have suffered on account of allege retaliation in her employment from utilizing leave pursuant to the Family and Medical Leave Act.
>
> **RESPONSE TO INTERROGATORY NO. 2:**
>
> Plaintiff has not yet suffered any economic loss and there, these are not the subject of the Plaintiff's damages. However, the Plaintiff has, and continues to have significant emotional damages which Plaintiff cannot itemize because it is firmly within the province of the jury. By way of further answer, Plaintiff continues to be retaliated against and therefore, in any event, any tabulation of damages, assuming it could even be made, would be complete.

(ECF No. 36-2 at 3 (emphasis added).) At this stage, Ackerman's response to interrogatory no. 2 does not preclude a request for equitable relief. First, Ackerman requested equitable relief in the complaint. Second, the FMLA, 29 U.S.C. § 2617(a)(1)(A)-(B), specifically refers to "damages" separate and apart from "equitable relief." Section 2617(a)(1), in pertinent part, provides:

> Any employer who violates section 2615 of this title shall be liable to any eligible employee affected--
> (A)   for damages…and
>
> (B)   for such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

29 U.S.C. § 2617(a)(1). In other words, pursuant to the language of the FMLA, "damages" do not include "equitable relief." Under those circumstances, Ackerman's response that she only suffered "emotional **damages**" does not preclude Ackerman's request for equitable relief.

---

[3]   The court does not opine about whether Ackerman will be able to prove a prima facie case of retaliation under the FMLA or whether she is in fact entitled to equitable relief; indeed, those are issues the school district did not raise in its motion for summary judgment. The court notes, however, that Ackerman argues that the school district did not reinstate her to an equivalent position upon her return to work. The FMLA provides reinstatement as an equitable remedy. 29 U.S.C. § 2617(a)(1)(B) (providing that equitable relief under the FMLA may include "employment, reinstatement, and promotion"). Whether reinstatement is an available remedy

>Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate….

(ECF No. 1 at 13.) The school district, which has the burden to show it is entitled to summary judgment, did not challenge whether Ackerman may establish a prima facie case or her entitlement to equitable relief.[4] Thus, the school district did not show that it is entitled to summary judgment. Under those circumstances, the school district's motion for summary judgment will be denied. See Evans v. Books-A-Million, 762 F.3d 1288, 1300 (11th Cir. 2014) (vacating the district court's opinion granting summary judgment to the defendant-employer because the district court failed to consider whether the plaintiff-employee, who could not prove she lost income, was entitled to equitable relief under the FMLA).

---

will depend upon Ackerman being able to show her working conditions were not "virtually identical" to her working conditions before her FMLA leave. 29 C.F.R. § 825.215(a). There is an exception for "de minimis, intangible, or unmeasurable aspects of the job." 29 C.F.R. § 825.215(f); see Tanganelli v. Talbots, Inc., 169 F. App'x 123, 126-27 (3d Cir. 2006).

Other equitable relief may be available. For example, before Ackerman's FMLA leave, she had three *positive* comments in the PAETEP. After her leave, she received 150 to 160 negative comments in PAETAP. If Ackerman can prove those comments were made in retaliation for taking FMLA leave and that those comments prejudiced her, she may be entitled to equitable relief in the form of the expungement of those negative comments from her record. See Roseboro v. Billington, 606 F. Supp. 2d 104, 113 (D.D.C. 2009) (awarding equitable relief in the form of expungement of a "wrongful AWOL charge" from the plaintiff's personnel records after he showed, among other things, that the charge "caused him a loss in employment status").

[4] The Court of Appeals for the Eleventh Circuit described the law with respect to a district court's role in awarding equitable relief as follows:

>While the appropriateness of a particular equitable remedy is "left to the trial court's discretion," Demers v. Adams Homes of Northwest Fla., Inc., 321 Fed.Appx. 847, 849 (11th Cir.2009), the court must consider the individual facts and circumstances of a plaintiff's case, and must not refuse even to consider equitable relief. See Ragsdale, 535 U.S. at 89, 122 S.Ct. 1155; Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253, 1297 (11th Cir.2013). Moreover, "[i]f a trial court refuses to grant further legal or equitable relief to a plaintiff who insists that such relief is necessary to make the plaintiff whole, it must articulate its rationale." Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1052 (11th Cir.1989).

Evans v. Books-A-Million, 762 F.3d 1288, 1296 (11th Cir. 2014).

## VI. Conclusion

The school district's motion for summary judgment will be denied. An appropriate order will be entered.

BY THE COURT,

Dated: June 15, 2021

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge